Dennis A. Cammarano, Esq.--037242
CAMMARANO LAW GROUP
Attorney for Plaintiff,
STARR INDEMNITY & LIABILITY COMPANY
555 E. Ocean Blvd., Ste. 501
Long Beach, CA 90802
Tel: 562.495.9501
Fax: 562.495.3674
Email: dcammarano@camlegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, <br><br> Plaintiff, <br> v. <br><br> MEDITERRANEAN SHIPPING COMPANY S.A.; and DOES 1 through 10, inclusive, <br><br> Defendants | IN ADMIRALTY <br><br> CIVIL ACTION NO. <br><br> **COMPLAINT FOR:** <br><br> 1. **NON-DELIVERY OF CARGO;** <br> 2. **NEGLIGENCE/WILFUL MISCONDUCT** <br> 3. **BREACH OF CONTRACT** <br> 4. **BREACH OF WARRANTY** <br> 5. **BREACH OF BAILMENT** |

COMES NOW, Plaintiff, STARR INDEMNITY & LIABILITY COMPANY, for causes of action against MEDITERRANEAN SHIPPING COMPANY S.A. and Does 1 through 10, inclusive, ("Defendants"), alleges as follows:

///

///

## JURISDICTIONAL ALLEGATIONS

1. This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's admiralty and maritime jurisdiction. As well, this court has jurisdiction under as a Federal Question under 28 U.S.C. § 1331, in that the dispute arises under federal law, namely, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et. seq.

2. Venue is proper in this judicial district as the Cargo moved under sea waybills that specify this court in this judicial district as the designated forum for resolution of disputes.

## THE PARTIES

3. Plaintiff STARR INDEMNITY & LIABILITY COMPANY ("STARR" or "Plaintiff") is an insurance corporation authorized to do business in the State of New York, with an office and place of business at 399 Park Avenue, New York, New York 10022. Plaintiff brings this suit in that it insured the below described cargo and it owner, VIDA SHOES INTERNATIONAL, INC. (hereinafter "VIDA"), against loss and damage. Having paid for the loss of and damage to the cargo, STARR is subrogated to the rights of the owner of the cargo.

4. Defendant MEDITERRANEAN SHIPPING COMPANY S. A. ("MSC" or with Does, "Defendants") is a corporation doing business in this

judicial district as a vessel operating common carrier with an office and place of business at c/o MEDITERRANEAN SHIPPING COMPANY (USA) INC. 420, 5th Avenue (at 37th Street) 8th Floor, New York, NY 10018.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

6. Plaintiff is informed and believes, and thereon alleges, that each of Defendants designated herein as a DOE 1 through 10, inclusive, is, in some manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to reflect their true names and capacities.

## **FIRST CAUSE OF ACTION**

(Damage to Cargo)

7. Plaintiff incorporates by reference Paragraphs 1 through 6, inclusive, of this Complaint as fully set forth herein.

8. On or about December 25, 2020, Defendants, and each of them, accepted shipments of footwear to be carried from Xiamen, China to Los Angeles, California via the MAERSK ESSEN Voy. 015N in the same good order and

condition as when received in containers TCLU5257978, TCLU7873864, TCNU130662, and TGBU5711394 carried under MSC waybill numbers MEDUXE118799 and MEDUXE229034. The Cargo in the foregoing containers were never delivered. As well, container TGHU8810197 suffered damage along with its contents. The foregoing footwear is hereafter referred to as "Cargo."

9. Defendants, and each of them, failed and neglected to carry, handle, monitor and deliver the Cargo and otherwise maintain its good order and condition.

10. By reason of the foregoing, Plaintiff has been damaged in the sum of $511,878.22, plus survey, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## SECOND CAUSE OF ACTION

(Negligence/Wilful Misconduct/Unseaworthiness)

11. Plaintiff incorporates by references Paragraphs 1 through 6, inclusive, of this Complaint as though fully set forth herein.

12. Defendants assumed a duty of safe passage of the above described Cargo in five containers from Xiamen, China to Los Angeles, USA.

13. Instead, the Cargo was not carried and delivered in Los Angeles as was the case in Xiamen.

14. The loss and damage to the Cargo was directly and proximately caused by the negligence, carelessness and willful misconduct of Defendants, and

each of them, as use of a vessel that was unseaworthy.

15. As a direct and proximate result of such conduct, Plaintiff has been damaged in the sum of $511,878.22, plus survey, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

### THIRD CAUSE OF ACTION

(Breach of Contract)

16. Plaintiff incorporates by reference Paragraphs 1 through 10, inclusive, of this Complaint as though fully set forth herein.

17. On or about December 25, 2020, Defendants, and each of them, agreed to safely handle, store, count, transport and deliver the Cargo in the same good order and condition as when received.

18. Defendants, and each of them, materially and substantially breached and deviated from their agreements by failing to deliver the Cargo in the same good order and condition as when received.

19. All, of any, conditions and/or covenants required to be performed in accordance with the terms and conditions of the agreement, were complied with or otherwise excused.

20. As a direct and proximate result of the material breach of, and deviation from, the agreement by Defendants, Plaintiff has been damaged in the sum of $511,878.22, plus survey, miscellaneous expenses, interest and costs, no

part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION

(Breach of Bailment)

21.     Plaintiff incorporates by reference Paragraphs 1 through 6, and 11 through 15, inclusive, of this Complaint as though fully set forth herein.

22.     The loss of and damage to the Cargo was directly and proximately caused by the acts and omissions of Defendants, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the Cargo.

23.     As a direct and proximate result of Defendants' breach of warranty, Plaintiff has been damaged in the sum of $511,878.22, plus survey, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## FIFTH CAUSE OF ACTION

(Breach of Warranty)

24.     Plaintiff refers to paragraphs 1 through 23, inclusive, of the Complaint and incorporates them herein as though fully set forth.

25.     In loading and unloading the containers housing the cargo from the vessel, Defendants warranted that they would perform the services in a workmanlike manner using the proper equipment and personnel.

26. Instead, Defendants utilized a deficient vessel and thus improperly loaded, secured and handled the containerized cargo, breaching their maritime warranty.

27. As a direct and proximate result of Defendants' breach of warranty, Plaintiff has been damaged in the sum of $511,878.22, plus survey, miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in the sum of $511,878.22, plus survey miscellaneous expenses, interest and costs;

2. For pre-judgment interest from January 16, 2021, at the rate of 5% or such other rate as allowable by the court;

3. For post-judgment interest at the maximum allowable rate;

///

///

4.       For costs of suit herein; and,

5.       For such other and further relief as this court deems just and proper.

Dated: January 07, 2022                CAMMARANO LAW GROUP

By: */S/Dennis A. Cammarano*
     Dennis A. Cammarano
     555 East Ocean Blvd., Suite 501
     Long Beach, California 90802
     Telephone: (562) 495-9501
     Facsimile: (562) 495-3674
     E-mail: dcammarano@camlegal.com
     Attorney for Plaintiff,
     STARR INDEMNITY & LIABILITY COMPANY

3536 Complaint Against MSC-Vida 010722.wpd